**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0000020
25-MAR-2014
08:59 AM**

NO. CAAP-13-0000020

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


E*TRADE BANK, Plaintiff-Appellee, v.
BRUCE CHADWICK, Defendant-Appellant, and
BONNIE SUE CHADWICK; MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.; MOVADO GROUP, INC.;
PUUNOA HOMEOWNERS ASSOCIATION, INC.; JOHN DOES 1-10;
JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10;
DOE ENTITIES 1-10; and DOE GOVERNMENTAL UNITS 1-10, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 09-1-0781(2))


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Leonard and Reifurth, JJ.)

Defendant-Appellant Bruce Chadwick (**Chadwick**) appeals from the Order Denying Defendant Bruce Chadwick's Motion to Set Aside Judgments entered on December 14, 2012, by the Circuit Court of the Second Circuit (**Circuit Court**).[1]

On appeal, Chadwick raises a single point of error, contending that the Circuit Court erred in denying his motion to set aside judgments because a mortgage loan, which was the subject of the prior foreclosure action, was purportedly made by an unlicensed lender rendering the loan void and unenforceable.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced, applicable authorities, and the issues raised by the parties, we resolve Chadwick's point of error as follows:

---

[1]     The Honorable Peter T. Cahill presiding.

On October 9, 2009, Plaintiff-Appellee E*Trade Bank (**E*Trade**) filed a complaint of foreclosure against Chadwick and others. On February 22, 2011, the Circuit Court entered a judgment in favor of E*Trade on a decree of foreclosure. Chadwick appealed. On January 19, 2012, in CAAP-11-0000112, this court entered a Summary Disposition Order affirming the decree of foreclosure. Judgment was entered. No further review was sought. The subject property was auctioned by the foreclosure commissioner and sold to E*Trade.

On October 31, 2012, Chadwick filed a motion to set aside the prior orders and judgments, pursuant to Hawai'i Rules of Civil Procedure (**HRCP**) Rule 60(b)(4) and/or (6), on the grounds that a mortgage loan, which was the subject of the prior foreclosure action, was purportedly made by an unlicensed lender rendering the loan void and unenforceable. On December 14, 2012, the Circuit Court entered its order denying Chadwick's motion. Chadwick timely filed a notice of appeal.

We conclude that the issue being raised on this appeal was a potential defense which should have been raised in the underlying foreclosure action, which is now final. This court has previously held that "a judgment is void only if the court that rendered it lacked jurisdiction of either the subject matter or the parties or otherwise acted in a manner inconsistent with due process of law." Citicorp Mortg. v. Bartolome, 94 Hawai'i 422, 430, 16 P.3d 827, 835 (App. 2000) (citations omitted). As this court previously concluded in CAAP-11-0000112, "Chadwick's contention that the Circuit Court lacked jurisdiction over the matter is without merit." HRCP Rule 60(b)(4) is not applicable. In addition, Chadwick's attempt to seek relief pursuant to HRCP Rule 60(b), after his prior unsuccessful appeal, appears to be "an untimely attempt at a second bite at the apple," which is not a permissible use of Rule 60(b)(6) and is barred by the principles of res judicata. See Bartolome, 94 Hawai'i at 433-34, 16 P.3d 838-39; see also Mortg. Elec. Reg. Sys., Inc. v. Wise, 130 Hawai'i 11, 304 P.3d 1192 (2013).

2

For these reasons, the Circuit Court's December 14, 2012 Order Denying Defendant Bruce Chadwick's Motion to Set Aside Judgments is affirmed.

DATED: Honolulu, Hawaiʻi, March 25, 2014.

On the briefs:

Gary Victor Dubin
Frederick J. Arensmeyer
Andrew Goff
for Defendant-Appellant

Robert E. Chapman
Mary Martin
(Clay Chapman Iwamura Pulice
 & Nervell)
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge